UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN E. PEET,

    Plaintiff,

v.

CITY OF RICHFIELD MN POLICE DEPT.,

    Defendant.

Civil No. 13-782 (SRN/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint describes (in a rambling and haphazard fashion) a series of disputes he has had with his neighbors and his landlord. On several occasions, the police have been asked to intervene in those disputes. Plaintiff is now attempting to sue the Richfield, Minnesota, Police Department, and three individual police officers.[1] Plaintiff claims that Defendants violated his rights under "the Fair Housing Act, 42 U.S.C.A. § 3617," and "the Fair Housing Act, 42 U.S.C. § 3604(b)." (Complaint, [Docket No. 1], p. 3, § 4.)

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff has not alleged any facts, which if proven true, would establish that any of the named Defendants violated his rights under the federal laws cited in his complaint, (or any other federal laws). Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state an actionable claim for relief. Again, the allegations in Plaintiff's

---

[1] The only Defendant listed in the caption of Plaintiff's complaint is "City of Richfield MN Police Dept.," but three individual police officers are named in the "List all Defendants" section of the complaint. (Complaint, [Docket No. 1], p. 2, § 2.)

complaint do not describe any acts or omissions by any of the Defendants that could support any claim against any of them, based on the statutes cited in the complaint, or any other discernible federal law.

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 16, 2013

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 31, 2013.