# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Peet,<br><br>        Plaintiff,<br><br>v.<br><br>City of Richfield, Minnesota Police Dep't,<br><br>        Defendant. | Case No. 13-cv-782 (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

John E. Peet, Richfield, Minnesota 55423, *pro se* Plaintiff.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2], Plaintiff's motion to grant application for *in forma pauperis* [Doc. No. 4], and Chief United States Magistrate Judge Arthur J. Boylan's May 16, 2013, Report and Recommendation ("R&R") [Doc. No. 3]. The Magistrate Judge recommended that: (1) Plaintiff's IFP application be denied, and (2) this action be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, the Court adopts the Magistrate Judge's R&R, denies Plaintiff's IFP application, and dismisses this case with prejudice.

## II.    BACKGROUND

Plaintiff's Complaint appears to describe a series of disputes between him and his neighbors and landlord. On several occasions, the police were asked to intervene in these

1

disputes.  Plaintiff now seeks to sue the Richfield, Minnesota, Police Department and three individual police officers.  Plaintiff claims that Defendants violated his rights under "the Fair Housing Act, 42 U.S.C.A. § 3617" and "the Fair Housing Act, 42 U.S.C. § 3604(b)." (Compl. ¶ 4 [Doc. No. 1].)

On April 4, 2013, Plaintiff filed an application for leave to proceed *in forma pauperis*.  (Appl. to Proceed in District Ct. without Prepaying Fees or Costs [Doc. No. 2].) On May 16, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed for failure to state a claim, and that the IFP application be denied as well.  Plaintiff's Objections to the R&R were due by May 31, 2013, but Plaintiff did not submit any objections.  On May 30, 2013, Plaintiff filed a motion to "grant my application for IFP."  (Mot. to Grant Appl. for IFP [Doc. No. 4].)

### III. DISCUSSION

#### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

#### B. Report and Recommendation

The Magistrate Judge concluded that Plaintiff's Complaint fails to state a cause of

action on which relief can be granted, because Plaintiff has not alleged any facts, which if proven true, would establish that any of the named Defendants violated his rights under any federal laws. (May 16, 2013, Report and Recommendation at 2-3 [Doc. No. 3].) Because the Complaint fails to state a cause of action, the Magistrate Judge recommended dismissal of this case and denial of Plaintiff's IFP application. (Id. at 3.)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although courts should construe civil rights and discrimination claims charitably for *pro se* civil litigants, "there is a difference between liberally reading a claim which 'lacks specificity,' [sic] and inventing, *ex nihilo*, a claim which simply was not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996).

Plaintiff's Complaint fails to state an actionable claim for relief. As the Magistrate Judge correctly observed, the allegations in the Complaint "do not describe any acts or omissions by any of the Defendants that could support any claim against any of them, based on the statutes cited in the complaint, or any other discernible federal law." (May 16, 2013, Report and Recommendation at 2-3 [Doc. No. 3].) Dismissal of this case is therefore warranted.

Because the district court shall dismiss an *in forma pauperis* complaint at any time it determines that the complaint fails to state a claim upon which relief may be granted, 28

U.S.C. § 1915(e)(2)(B)(ii), the Court denies Plaintiff's IFP application as well.

## IV. ORDER

The Court therefore **ADOPTS** the Magistrate Judge's May 16, 2013, Report and Recommendation [Doc. No. 3], which recommended that the Court deny Plaintiff's IFP application and dismiss this case. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] is **DENIED**;

2. Plaintiff's Motion to Grant Application for *In Forma Pauperis* [Doc. No. 4] is **DENIED**; and

3. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 30, 2013          s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Court Judge